UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LINDSAY BROTHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| COMPLETE CREDIT SOLUTIONS, INC., | ) | |
| EQUIFAX INFORMATION SERVICES, LLC., | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. AND | ) | |
| TRANSUNION, LLC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

NOW COMES Plaintiff, LINDSAY BROTHERS ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants COMPLETE CREDIT SOLUTIONS, INC. ("COMPLETE CREDIT"), EQUIFAX, INC. ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") and TRANSUNION, LLC., ("TRANSUNION"), (collectively referred to as "Defendant"):

**Nature of the Action**

1.      This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2.      Plaintiff is a natural person at all times relevant residing in Columbiana County, in the City of Lisbon, in the State of Ohio.

3.      At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.        Defendant COMPLETE CREDIT, is a financial services company located in Bedford, Texas and conducting business in the State of Ohio.

5.        Defendant COMPLETE CREDIT was a "person" at all times relevant as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher" of credit information as that term is described in 15 U.S.C. § 1681s-2 *et seq*.

6.        Defendant EQUIFAX is a Corporation with its headquarters located in Atlanta, Georgia and conducting business in the State of Ohio.

7.        Defendant EXPERIAN is a Corporation with its headquarters located in Costa Mesa, California and conducting business in the State of Ohio.

8.        Defendant TRANSUNION is a Limited Liability Corporation located in Chicago, Illinois and conducting business in the State of Ohio.

9.        Defendants EQUIFAX, EXPERIAN and TRANSUNION are a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

10.       Defendants EQUIFAX, EXPERIAN and TRANSUNION are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

11.       Defendants EQUIFAX, EXPERIAN and TRANSUNION furnish such consumer reports to third parties under contract for monetary compensation.

12.       Defendants EQUIFAX, EXPERIAN and TRANSUNION, are "consumer reporting agencies" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

13.       At all times relevant to this Complaint, Defendants acted through their agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

14.     At all relevant times, consumer reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## Jurisdiction and Venue

15.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

16.     Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

17.  EQUIFAX, EXPERIAN and TRANSUNION have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history (hereinafter referred to as "inaccurate information").

18.  The inaccurate information of which Plaintiff complains are accounts or trade-lines that reflect Plaintiff's history of credit for a credit card account with COMPLETE CREDIT, with an account number ending in 5406 (hereinafter referred to as the "Account").

19.     On or about September 15, 2018, Plaintiff and COMPLETE CREDIT agreed to settle the Account for less than full balance, to be paid in a lump sum amount by September 18, 2018.

20.     Plaintiff satisfied the terms of the aforementioned agreement by timely making the agreed lump sum payment, thereby extinguishing any obligation regarding the Account.

21.     Despite the foregoing, EQUIFAX, EXPERIAN and TRANSUNION continued to report inaccurate information concerning in the Account and, upon information and belief, disseminated credit reports containing said inaccuracies.

22.     On or about June 10, 2020, Plaintiff disputed the inaccurate information with EQUIFAX, EXPERIAN and TRANSUNION.

23.     Plaintiff's written dispute explained that the Account had been settled and paid, included a copy of the written agreement memorializing the settlement of the Account, and that the credit report failed to accurately reflect the true nature of the Account.

24.     Upon information and belief, pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of Plaintiff disputing the inaccurate information with EQUIFAX, EXPERIAN and TRANSUNION, COMPLETE CREDIT received notification from EQUIFAX, EXPERIAN and TRANSUNION of Plaintiff's dispute and the nature of the dispute.

25.     Upon information and belief, EQUIFAX, EXPERIAN and TRANSUNION received the results of COMPLETE CREDIT investigation as to Plaintiff's dispute.

26.     Upon information and belief, EQUIFAX, EXPERIAN and TRANSUNION updated the reporting of the Account solely based on the information it received from COMPLETE CREDIT in response to Plaintiff's dispute.

27.     Notwithstanding Plaintiff's efforts, as of September 10, 2020, EQUIFAX, EXPERIAN and TRANSUNION continued to publish and disseminate inaccurate information concerning the Account on Plaintiff's credit report.

28.     Specifically, EQUIFAX continued to report the paid Account in "Collection" with a past due balance of $2,086.00.

29.     Specifically, EXPERIAN continued to report the paid Account in "Collection" with a past due balance of $2,086.00.

30.     Specifically, TRANSUNION continued to report the paid Account in "Collection" with a past due balance of $2,086.00.

31. The inaccurate information concerning the Account as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

32. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform responsible reinvestigations of the aforementioned dispute as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory and inaccurate information about Plaintiff with respect to the Account.

33. If Defendants would have complied with their statutory duties, the inaccurate information regarding the Account would not have been reported.

34. As a result of Defendants' conduct, Plaintiff has suffered actual damages as the inaccurate information being reported on Plaintiff's credit report have impeded Plaintiff's ability to obtain credit or favorable terms in financing an interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information being reported on the credit report, and a decreased credit score which may result in the inability to obtain credit or favorable terms on future attempts.

**COUNT I– COMPLETE CREDIT**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)**

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

36. Pursuant to 15 U.S.C. §§ 1681n and 1681o, COMPLETE CREDIT is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681s-2(b):

a. Willfully or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully or negligently failing to review all relevant information provided to it by EQUIFAX, EXPERIAN and TRANSUNION concerning Plaintiff's dispute or the Account;

c. Willfully or negligently failing to report the inaccurate status of the inaccurate information to all consumer reporting agencies;

d. Willfully or negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff, or the Account, to consumer reporting agencies, or other entities, despite knowing that said information was inaccurate;

f. Willfully or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

37.     This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, COMPLETE CREDIT is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

### COUNT II – EQUIFAX, EXPERIAN AND TRANSUNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

38.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

39.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b)

- 6 -

      a.  Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

40.    This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

### COUNT III – EQUIFAX, EXPERIAN AND TRANSUNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

41.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

42.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i

      a.  Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

      b.  Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

      c.  Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

      d.  Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

43.    This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result,

EQUIFAX, EXPERIAN and TRANSUNION are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial pursuant to 15 U.S.C. § 1681n(a);

b) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a);

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendants from further FCRA violations, pursuant 15 U.S.C. § 1681n(a);

d) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

e) Any further legal and equitable relief as this Honorable Court deems just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated  <u>January 25, 2021</u>

*/s/Peter Cozmyk*
**Peter Cozmyk**
COZMYK LAW OFFICES, LLC
6100 Oak Tree Blvd., Ste. 200;
Independence, OH 44131
P: (877) 570-4440;
F: (216) 485-2125;
E: Pcozmyk@cozmyklaw.com
Attorneys for Plaintiff,
LINDSAY BROTHERS